PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, v PORT AUTHORITY POLICE BENEVOLENT ASSOCIATION, INC., et al., Respondents.

First Department, January 4, 1979

### APPEARANCES OF COUNSEL

*Arthur P. Berg* of counsel *(Joseph Lesser* and *Herbert Ouida* with him on the brief; *Patrick J. Falvey,* attorney), for appellant.

*David Schlachter* of counsel *(Hartman & Lerner,* attorneys), for respondents.

### OPINION OF THE COURT

FEIN, J.

Petitioner appeals from an order and judgment denying its application to stay arbitration instituted by respondent the Port Authority Police Benevolent Association, Inc. (PBA).

The PBA has sought to invoke the grievance-arbitration

procedure to review the discharge of Officer Louis Manente by the Port Authority following a departmental hearing on charges that Manente had solicited the services of a prostitute and thereafter assaulted and robbed her. An administrative decision was rendered, finding him guilty and discharging him from his position. Subsequently, the PBA sought to proceed by the grievance-arbitration procedure set forth in Appendix F of the Port Authority's memorandum of agreement (Agreement), which defines grievance "as a complaint limited to the application or interpretation of the Port Authority of any provision of the Memorandum of Agreement * * * alleged to constitute a violation of the said Memorandum of Agreement or any provision thereof". The only provision in the Agreement relating to disciplinary proceedings is article XXVI, which provides that "the disciplinary procedure applicable to Police Officers shall be as set forth in PAI 20.1.10 revised September 30, 1970." The bulletin so designated in article XXVI refers only to procedural matters in connection with disciplinary proceedings to be conducted by the Port Authority. As applicable here, the grievance-arbitration procedure has been limited to procedural matters and does not contemplate arbitration to review the substantive issues previously adjudicated in the departmental proceeding.

No issue is raised here as to the propriety of the procedures which were followed by the Port Authority. The PBA concedes that requisite procedures had been followed in the departmental hearing. Rather, the PBA seeks to invoke the grievance-arbitration procedure to obtain another determination as to whether or not Manente was guilty of the charges and whether the punishment imposed was excessive or was the result of prejudice or mistake. This, however, was the function of the departmental hearing. Any review of the administrative determination may be obtained only by the commencement of an appropriate CPLR article 78 proceeding. Such a proceeding has already been brought by Manente in New Jersey for an order vacating his dismissal and directing his reinstatement. That action has been stayed pending disposition of this proceeding. Essentially, what the PBA seeks is a second substantive review and determination of the charges against Manente which we find to be unavailable under the limited arbitration clause contained in the Agreement.

We do not agree with the implication in the dissent and in Justice SILVERMAN's concurring opinion that the Taylor Law

is applicable to employees of the Port Authority. (See *Matter of Agesen v Catherwood,* 26 NY2d 521.) However, if the issue of arbitrability raised here is to be determined by the standard applied to the field of public employment subject to the Taylor Law *(Matter of Acting Supt. of Schools of Liverpool Cent School Dist, [United Liverpool Faculty Assn.],* 42 NY2d 509) the Agreement does not meet that standard. Whether the appropriate standard is that applicable to public employment or employment in the private sector, arbitration of the issue tendered by respondents is not authorized under the terms of the Agreement.

Review of the Agreement affirmatively establishes that the parties did not intend to submit to arbitration the determination rendered following the departmental hearing that Manente was guilty and should be dismissed from his position. The Agreement does not contain a broad and general clause to arbitrate all disputes. The grievance procedure is limited solely to procedural matters, which here were concededly proper. To direct otherwise is to impose an arbitration forum upon the parties with respect to an issue which clearly was not subject to arbitration.

Moreover, to relegate the parties to the grievance procedure would only result in a second full-blown trial on the disciplinary charges on the very same issues which had been previously determined in the departmental proceeding. Such a result could not have been intended by the parties. The effect of the position assumed by the dissent would be to nullify the departmental proceeding, by making the determination by the commissioners of the Port Authority subordinate to decisions rendered by Port Authority employees in steps one, two and three of the grievance procedure. A more logical interpretation of the Agreement and one more consistent with its terms would limit the authority of the arbitrator to resolve disputes as to whether "the disciplinary procedure" conformed to that set forth in PAI 20-1.10, as provided for by article XXVI of the Agreement. The parties to this proceeding do not question the propriety or sufficiency of the procedure followed in the disciplinary proceeding. There is, therefore, no issue preserved for review in the grievance procedure under the terms of the Agreement. The substantive issues may not be reviewed except by appropriate application in the nature of CPLR article 78, limited to whether the determination of the commissioners

was arbitrary or capricious or supported by substantial evidence in the record.

Accordingly, the order and judgment (one paper), Supreme Court, New York County (BLOOM, J.), entered June 27, 1978, denying petitioner's application to stay arbitration and directing the parties to proceed to arbitration should be reversed, on the law, without costs or disbursements, the application granted and the arbitration proceeding presently pending between the parties permanently stayed.

SILVERMAN, J. P. (concurring). I would reverse the judgment appealed from and grant the application for a stay of the arbitration.

I think the rule to be applied is that stated in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 510-511): "We hold that in arbitrations which proceed under the authority of the Taylor Law, the scope of the particular arbitration clause, and thus whether the question sought to be submitted to arbitration is within or without the ambit of that clause, is to be determined by the courts. In making such determinations the courts are to be guided by the principle that the agreement to arbitrate must be express, direct and unequivocal as to the issues or disputes to be submitted to arbitration; anything less will lead to a denial of arbitration." The opinion clearly indicates that this rule is applicable to the "field of public employment." *(Supra,* p 513.) As in that case, "we cannot conclude that the present dispute falls clearly and unequivocally within the class of claims agreed to be referred to arbitration." *(Supra,* 515.) Further, as in the *Liverpool* case, the arbitration clause in the present case is "explicitly a limited one." *(Supra,* p 514.) The clause in the present case says that it is "limited" to the application or interpretation of the agreement.

LYNCH, J. (dissenting). The respondent PBA is the collective bargaining agent for members of the Port Authority police force. Its relationship to appellant is contained in a contract entitled a memorandum of agreement that calls for arbitration of alleged violations of it (with one exception not relevant here). This proceeding arises out of appellant's dismissal of a police officer who, after a hearing had been found guilty of soliciting a sex act from a prostitute and assaulting and robbing her. Section XXVI of the memorandum of agreement specifies that the disciplinary procedures applicable to police

officers shall be as set forth in PAI 20-1.10. Respondents filed a grievance alleging that the police officer was not guilty, that the proof was insufficient and the punishment excessive. The grievance was rejected; the respondent PBA sought arbitration. The appellant moved to stay arbitration. Its motion was denied by Special Term.

We agree with the majority that *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) holds that in the field of public employment subject to the Taylor Law, an agreement to arbitrate an issue must be express, direct and unequivocal, as distinct from the private sector where there is a presumption of arbitrability. Whether the Port Authority's employment is public and subject to the Taylor Law or private (but, see, *Matter of Agesen v Catherwood,* 26 NY2d 521), we find the agreement here meets the *Liverpool* standard. Section XXI of the memorandum of agreement recites that an alleged violation of any of its provisions is subject to the grievance-arbitration procedure of its annexed Appendix F that in turn defines a grievance as a complaint with respect to the "application or interpretation" of any provision that would constitute a violation of the memorandum of agreement. PAI 20-1.10, incorporated into the memorandum of agreement by section XXVI, states that disciplinary action, including dismissal, shall be based upon "good and sufficient cause or reason". The gist of the grievance here is that the appellant did not apply the standard provided by the memorandum of agreement to the disciplinary action it took. Thus, we find, as did Special Term, that "the issue of discipline, insofar as it involves the *application* or interpretation of the collective agreement by the Port Authority is, by express provision, subject to arbitration".

Accordingly, the order and judgment (one paper) appealed from should be affirmed.

SULLIVAN, J., concurs with FEIN, J.; SILVERMAN, J. P., concurs in an opinion; MARKEWICH, and LYNCH, JJ., dissent in an opinion by LYNCH, J.

Order and judgment (one paper), Supreme Court, New York County, entered on June 27, 1978, reversed, on the law, without costs and without disbursements, the judgment vacated, the application granted and the arbitration proceeding presently pending between the parties permanently stayed.